## FRANK STRONER, FOR USE, ETC.,
### v.
## JOHN PROKOP.

*Attachment—Garnishment—Service—Evidence—Return.*

1. In the absence of the original attachment writ, a recital in the transcript that it was served, is not conclusive.

2. In the case presented, the court below properly excluded affidavits to show service of the writ, the return being primary evidence of service.

[Opinion filed January 16, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. JONES & LUSK, for plaintiff in error.

In no part of the record proper is any want of jurisdiction shown. There never was any order, or even motion, to strike out any portion of the transcript. The transcript shows good service of both writs. It is made part of the petition. The allegation inserted by way of amendment, November 28, 1887, that the court acted without jurisdiction, if it were good for anything, is contradicted by statements in the transcript, and therefore did not make the petition any better. The petition itself, including the transcript, showed on its face good service and complete jurisdiction of all the persons sought to be charged, and also of the subject-matter, and the motion ought therefore to have been sustained. That the return of an officer can not be contradicted is well settled. Fitzgerald v. Kimball, 86 Ill. 396; Brown v. Brown, 59 Ill. 315; Hunter v. Stoneburner, 92 Ill. 75.

Even if the supposed defective return of service were in the petition it would not sustain the allegation of want of jurisdiction. The return is good. Cairo & St. L. R. R. Co. v. Holbrook, 92 Ill. 297; McNab v. Young, 81 Ill. 11.

The error of this court in overruling plaintiff's motion to quash can not be aided by any evidence introduced at the trial, the admission of all such evidence being erroneous.

Messrs. Kraus, Mayer & Stein, for defendant in error.

A justice of the peace has no common law power, but is dependent entirely upon the constitution and statute for his authority and jurisdiction. He can take nothing by implication, and the jurisdiction is never presumed, but must be proven in every instance. Moore's Justice, Sec. 27.

Nothing can be presumed in favor of the jurisdiction of an inferior court of limited jurisdiction. Schufeldt v. Buckley, 45 Ill. 223; Wells v. Mason, 4 Scam. 84.

Nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged. This language has been so often repeated by courts and text-writers as to have become a maxim. The rule is that jurisdiction must affirmatively appear upon the record. Dunbar v. Hallowell, 34 Ill. 168.

It is not the parties, the justice of the peace, the summons nor the service which confers jurisdiction, but it is the statute. Ohio & Miss. R. R. Co. v. McCutchin, 27 Ill. 12.

In Wightman v. Karsner, 20 Ala. 446, the court says: " Before a court of limited jurisdiction will be sustained in its action, even in cases which, by the law creating it, it has full power to hear and determine, it must be shown by the record that every preliminary requirement of the law has been complied with before he acted." Haggard v. Atlantic, 63 Mo. 362.

The jurisdiction of a justice of the peace must appear affirmatively on the face of the proceeding; otherwise his acts are void.

A constable's return upon the summons " duly served by reading June 16th, 1848," is bad, and gives the justice no jurisdiction, because the return does not show that the summons was served on the defendant. Pardon v. Dwire, 23 Ill. 523.

In the present case we claim that the justice had no jurisdiction to proceed on the return of the officer, and render judgment, and that therefore the judgment is void; that the return of the officer does not show that he served the writs or either of them on John Prokop, the defendant in error, and that, as

it does not affirmatively appear by the return of the writ that John Prokop was served, his denial of service is not a denial of the return of the officer.

GARY, J. Fortunately for the appellee in this case, this court may decide according to the apparent justice of it without trenching upon the doctrine of the almost conclusive verity of the officer's return.

This was an appeal by *certiorari* in which the petition of the appellee alleged that he was never served with the original attachment writ, as a garnishee, nor with the *sci. fa.* after the conditional judgment, though the transcript of the justice shows that the constable returned the writ served upon him. The original attachment writ was not brought in, in the Circuit Court, so that there was only the statement in the transcript that it was ever served, and there is no authority that a recital in the transcript of the acts of the constable is conclusive. As to the *sci. fa.*, it is unnecessary to decide whether the return upon it was good or not, for if there was no foundation for the conditional judgment, the *sci. fa.* was a nullity.

The court properly refused to admit affidavits offered by appellant to show service of the original attachment writ. The return upon the writ itself was primary evidence of the service, and other evidence could only be admitted to supply the place of that, if lost, or in corroboration of it, if produced. What the contents of the affidavits were does not appear, and it can not be ascertained whether they even tended to show service.

On the merits, the appellant relied wholly upon the testimony of the appellee, who swore that he owed Stroner nothing, and therefore the only claim of the appellant is that he has got the appellee in a trap in which the court ought to hold him.

*Judgment affirmed.*